**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORANGE COUNTY DEPARTMENT OF EDUCATION,<br><br>　　　　　Petitioner - Appellee,<br><br>　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>　　　　　Respondent - Appellee,<br><br>A.S., a minor,<br><br>　　　　　Respondent - Appellant,<br><br>　And<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT; CHARTER OAK UNIFIED SCHOOL DISTRICT; CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>　　　　　Respondents. | No. 12-56016<br><br>D.C. No. 8:08-cv-00077-JVS-MLG<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: CANBY, WATFORD, and HURWITZ, Circuit Judges.

**1.** A.S. was a "prevailing party" within the meaning of the Individuals with Disabilities in Education Act (IDEA). *See* 20 U.S.C. § 1415(i)(3)(B)(i). A.S. succeeded on a "significant issue"—namely, who would pay for his Free Appropriate Public Education (FAPE). *See Parents of Student W v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994). A.S. did not take a position as to *which* agency was responsible for his FAPE, but he did seek to ensure that *an* agency would be held responsible. In securing an enforceable judgment holding the California Department of Education (CDE) responsible, A.S. achieved the "benefit [he] sought in bringing the suit," effectuating a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the [IDEA]." *Id.*

**2.** A.S. is entitled to recover reasonable attorney's fees for the Office of Administrative Hearings (OAH) proceedings. After carefully reviewing the record, we conclude that A.S. has established the elements of equitable estoppel

with respect to the OAH fees request. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051–52 (9th Cir. 2008).

After the district court entered judgment against CDE, A.S.'s counsel sent CDE a demand letter seeking attorney's fees. A.S.'s counsel stated, "I do hope we can settle this matter without the need for additional litigation and the costs such would incur," but noted that if she did not receive a response within 30 days she would file a complaint in the district court to recover the fees.

Shortly thereafter, CDE informed A.S.'s counsel that it intended to appeal the district court's judgment, and asked whether she would be "willing to stipulate to a stay of execution on the judgment for reimbursement of costs and fees pending the appeal?" CDE stated that if its appeal proved unsuccessful, "we will negotiate with all parties that have claims for costs or fees." A.S. stipulated to a stay of execution of the judgment.

Based on CDE's assertions, A.S. justifiably inferred that CDE intended A.S. to refrain from filing a claim for fees so that the parties could negotiate fees out of court at a later date, if CDE ultimately lost its appeal. A.S. relied on CDE's representations to his detriment. *See id.* Because these representations occurred before the statute of limitations ran on A.S.'s claim for OAH fees, CDE is estopped

from invoking the statute of limitations against A.S. regarding the OAH fees request.

3. A.S.'s claim for fees incurred during the district court proceedings fails, however. A.S. failed to file a motion seeking fees for the district court proceedings within the mandated fourteen-day period. *See* Fed. R. Civ. P. 54(d)(2)(B). The record shows nothing that occurred during that period that would justify A.S.'s failure to timely file. The communications referenced above occurred after the fourteen-day deadline had already passed.

4. A.S. does not challenge the district court's denial of attorney's fees for the prior Ninth Circuit proceedings. We affirm the district court's denial of those fees.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

**No costs.**